OPINION
{¶ 1} Defendant Michael Lee Bolden appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of burglary in violation of R.C. 2911.12, and possession of criminal tools in violation of R.C. 2923.24, after a jury found him guilty. Appellant assigns a single error to the trial court:
 {¶ 2} "APPELLANT'S CONVICTION FOR BURGLARY IN VIOLATION OF OHIO REVISED CODE 2911.12(A), WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 3} At the close of the State's case in chief, appellant moved for a judgment of acquittal pursuant to Crim.R. 29, arguing the State had not proved an element of the burglary charge. The trial court overruled the motion. After resting his case, appellant renewed his motion to dismiss, and the court again overruled the motion. Both appellant and appellee agree the facts in the case are largely undisputed. At trial, the State presented evidence that on or about April 14, 2002, at approximately 5:00 p.m., a white Geo Tracker dropped appellant off in the 2000 block of Gross Avenue, Canton, Stark County, Ohio. Appellant walked up and down the street glancing into garages.
 {¶ 4} Appellant entered a garage that was physically attached to a residence. The garage did not have a door on it, because it had been removed for repairs. There was a lawn mower chained to the wall of the garage with a bicycle type lock securing it to the wall. The bicycle lock consisted of a chain covered with a rubber coating, and attached to a locking mechanism.
 {¶ 5} At approximately 5:20 p.m., the homeowners pulled into their driveway and observed appellant walk out of their garage. Appellant walked up to the vehicle and the driver asked him if he could help appellant. Appellant responded he had come to steal things from a garage. The driver testified he said "Excuse me?", and appellant responded, that someone had paid him to come there and steal stuff out of his garage. Appellant and the driver of the vehicle agreed appellant had the wrong address, whereupon appellant told the driver they did not need to involve the police. Appellant then went back to the garage and got a pair of bolt cutters. Appellant left, and the homeowner called the police. The homeowner testified the lock on his lawnmower had been cut partially through.
 {¶ 6} One of the neighbors testified he had seen appellant go into his neighbor's garage carrying something which appeared to be wrapped in a white cloth. The police later recovered a white plastic shopping bag from the garage.
 {¶ 7} Appellant's assignment of error challenges the weight and sufficiency of the evidence supporting the jury's verdict of guilty. In order to prove the offense of burglary, the State had to prove appellant, by force, stealth, or deception, trespassed an occupied structure with purpose to commit a criminal offense. At trial, and before us, appellant argued the State did not and could not prove he acted by force, stealth, or deception. Appellant cites State v. Pullen (June 25, 1992), Greene Appellate No. 91CA33. In Pullen, the defendant entered an attached garage through the opened garage door. The homeowner caught the defendant going out the door of the garage with a can full of gas in his hand. The Second District Court of Appeals found the defendant's actions in going through an open garage door did not constitute force, stealth, or deception. Even though the defendant in Pullen was not invited or given permission to enter the garage, the Second District found this goes to the element of trespass, but not force, stealth, or deception.
 {¶ 8} In overruling the motion to dismiss, the trial court stated that this was not just a situation of someone walking directly into garage. Instead, the State presented evidence appellant went up and down the street, and also had an item covered in a bag. The court found these facts could be construed as stealth.
 {¶ 9} The trial court cited State v. Cayson (November 25, 1998), Cuyahoga Appellate No. 72712. In Cayson, the defendant "cruised" a street looking for open garages with no homeowners present. The Eighth Appellate District found this was sufficient to establish a secret, sly, or clandestine act to avoid discovery, sufficient to prove the element of force, stealth, or deception.
 {¶ 10} Our standard of reviewing a trial court's decision on a motion for judgment of acquittal is to review the record in a light most favorable to the prosecution and to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt, see State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492.
 {¶ 11} We agree with the State and the trial court the testimony is not simply that appellant walked into an opened garage during the daylight hours. We find a reasonable jury could have found appellant walked up and down the street to insure that he was unobserved while looking for a garage he could easily break into. The jury could also conclude appellant had concealed or disguised his bolt cutters to avoid arousing suspicion.
 {¶ 12} We find there was sufficient, competent and credible evidence to establish each of the elements of the crime of burglary. Accordingly, the assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Edwards, J., and Boggins, J., concur motion for acquittal.